**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL TAYLOR** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | |
| | : | |
| **CYNTHIA LEMUS,** | : | **NO. 16-5407** |
| | : | |
| **Defendant.** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                     **March 9, 2017**

**I.**     **BACKGROUND**[1]

At about 1:30 a.m. on July 18, 2015, the plaintiff, Michael Taylor, was walking along Airport Road in Allentown, Pennsylvania. The defendant, Cynthia Lemus, was driving her car southbound on Airport Road.

As Mr. Taylor began to cross the street, defendant drove into him, causing him to smash into defendant's windshield and roll up and over her car. Plaintiff alleges that there were no other vehicles involved in this accident. Plaintiff also alleges there were no adverse conditions present, such as bad weather. As a result of being struck by defendant's car, plaintiff alleges he suffered: (i) a fractured tibia (lower leg bone); (ii)

---

[1] Because this is a motion to dismiss for failure to state a claim, I will "accept all [plaintiff's] factual allegations as true" and "construe the complaint in the light most favorable to the plaintiff." <u>Bruni v. City of Pittsburgh</u>, 824 F.3d 353, 360 (3d Cir. 2016). However, my acceptance of all allegations as true does not apply to "legal conclusions." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

fractured scapula (shoulder bone); (iii) broken ribs; (iv) hemopneumothorax; and (v) multiple abrasions.

Plaintiff asserts a negligence claim against the defendant, claiming "[t]he accident at issue was initiated and legally caused by the negligence, carelessness and/or recklessness of Defendant." (Compl. ¶ 17). Defendant filed a motion to dismiss the allegations of "recklessness" in plaintiff's complaint.

## II.    LEGAL STANDARD

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555.  Subsequently, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court defined a two-pronged approach to a court's review of a motion to dismiss.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.  Thus, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Id. at 678–79.

2

Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555)).

The basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

3

## III.    DISCUSSION

As this is an action based on diversity of citizenship jurisdiction, I must apply Pennsylvania substantive law. Hunt v. U.S. Tobacco Co., 538 F.3d 217, 220 (3d Cir. 2008).

To support a claim for punitive damages under Pennsylvania law, the plaintiff must demonstrate that the defendant acted outrageously due to either the defendant's "evil motive or his reckless indifference to the rights of others." Phillips v. Cricket Lighters, 883 A.2d 179, 188–89 (Pa. 2005). A defendant acts "recklessly" when "his conduct creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent." Id. (quoting Hutchison v. Luddy, 870 A.2d 766, 771 (Pa. 2005)).

Accepting the allegations in the complaint as true, plaintiff's complaint plausibly pleads a claim for reckless conduct. Plaintiff alleges defendant failed to yield to the right-of-way of pedestrians and, as a result, drove into plaintiff. Plaintiff also alleges defendant was distracted, failed to observe the plaintiff, and was driving too fast. Operating a vehicle in such a manner, at 1:30 a.m., could certainly be viewed as creating an unreasonable risk of physical harm to others.[2]

## IV.    CONCLUSION

For all the foregoing reasons, I will deny defendant's motion to dismiss.

An appropriate Order follows.

---

[2] As plaintiff correctly points out, after discovery, his claim for "reckless" conduct may turn out to be unsupported by the evidence. At that point, plaintiff's recklessness claim would be subject to a motion to strike or motion for partial summary judgment.